A02A0227. POWELL et al. v. NORMAN ELECTRIC GALAXY, INC. et al.

(565 SE2d 591)

BLACKBURN, Chief Judge.

Appellants Eva and John Powell (the "Powells") appeal, arguing that the verdict of the trial court is contrary to law and that the trial judge erred in failing to charge the jury on punitive damages. We affirm.

The Powells and appellee Norman Electric Galaxy, Inc. ("Norman") are owners of adjoining properties on Washington Road in Richmond County. Norman's property, identified as 2605 Washington Road, was acquired by Norman in May 1990, from Mark Investment Company. The Powell property, identified as 2607 Washington Road, was acquired by the Powells in April 1991, from Mark Investment Company.

The dispute between the parties stems from a trespass of the Powells' 2607 Washington Road airspace caused by the overhanging of an outdoor advertising sign owned by Pabian Outdoor Advertising, Inc. ("Pabian"). This sign was the subject of a ground lease between Norman and Pabian, under which Norman leased the premises known as "2605 Washington Road" to Pabian. The lease neither expressly nor impliedly includes any portion of the Powell property at 2607 Washington Road. The lease confirms that Pabian is "the owner of the advertising signs, structures and improvements erected or made" by Pabian. Only Pabian had the right to remove or alter the signs, structures, and improvements. Norman had no ownership interest in or control over the sign, including its erection and placement.

The pole and base for Pabian's sign were placed and installed solely on Norman's property at 2605 Washington Road. At some point, Pabian placed part of the sign across the property line between Norman and the Powells so that the sign encroached upon and trespassed into the Powells' airspace at 2607 Washington Road. The record makes clear that Norman had no involvement in the placement of the sign within the Powells' airspace.

In March 1992, Pabian employees, without the consent of the Powells, went onto the Powell property with a crane to perform work and repairs on the Pabian sign. Mr. Powell warned Pabian's employees not to replace the sign in such a way that it would be overhanging his property. When this request was ignored, Powell called the Richmond County Sheriff's Department and the county zoning office and filed a complaint against Pabian for placing the sign within his airspace. No complaint was made against Norman. The Powells filed suit against Norman and Pabian in March 1993, alleging trespass and property damage.

In November 1995, Pabian sold its assets, including the sign, to Lamar Advertising ("Lamar"). From that date, Lamar was the owner of the sign and the assignee of Pabian to the subject ground lease. At trial, a Lamar employee testified that: Lamar owned the sign and the supporting pole and brackets; it was the responsibility of the sign company, not the landowner, to erect and place outdoor signs so as not to trespass on adjoining property; and Norman, as the landowner, could not touch the sign.

This is the second appearance of this case before this Court. In the trial court, prior to the first appeal, the Powells argued that, although Norman and Pabian originally had a leasehold right to maintain the overhanging billboard based on a ground lease to which the Powell deed was subject, that right terminated when Norman and Pabian executed a new lease with new terms. On cross-motions for summary judgment, the trial court ruled in favor of Norman and Pabian and dismissed the complaint.

In *Powell v. Norman Elec. Galaxy*,[1] we held that "[b]ecause the new lease contains different terms, it is a novation, the right to occupy the airspace above Powells' property expired, and the Powells are entitled to summary judgment *as to the liability of Pabian*." (Emphasis supplied.) We also held that "[p]laintiffs' motion, which sought judgment only as to liability and not on the issue of damages, properly leaves the latter for jury resolution." Id. at 102 (2).

Upon the return of the case to the trial court, the Powells sought and obtained a judgment on the remittitur. In accordance with our decision, the trial court ordered Pabian, and not Norman, to cease the trespass of the Powell airspace and to remove the sign encroaching on the Powells' airspace.

The case proceeded to trial on March 12, 2001. At the commencement of the trial, the trial court interpreted our decision in *Powell v. Norman Elec. Galaxy* to find, as a matter of law, that liability was established against Pabian for its trespass, but that Norman could assert the remaining defenses available to it. At the conclusion of trial, the jury found in favor of the Powells and against Pabian and awarded $43,400 in general damages, $18,052 in attorney fees, and $250,000 in punitive damages. The jury found that Norman had no liability. The Powells' motion for new trial was denied on July 2, 2001.

1. The Powells argue that the trial judge misconstrued and misinterpreted our decision in *Powell v. Norman Elec. Galaxy* and that both Norman and Pabian are liable to them since Pabian profited by appropriating a property right belonging to the Powells without pay-

---

[1] *Powell v. Norman Elec. Galaxy*, 229 Ga. App. 99, 100 (1) (493 SE2d 205) (1997).

ing compensation, and Norman profited by selling or leasing a property right which it did not have. Their argument finds no support in our prior decision. In *Powell v. Norman Elec. Galaxy*, we did not hold, as the Powells assert, that the Powells were entitled to judgment against not one but both defendants, but, rather, in explicit language, that "the Powells are entitled to summary judgment as to the liability of Pabian." Id. at 100 (1).

There was also ample evidence to support the jury's determination that Pabian was solely liable for the trespass to the property owned by the Powells. The rights conveyed by Norman through the ground lease with Pabian are limited to use of the property at 2605 Washington Road. The lease does not grant Pabian any right to occupy any of the Powells' property at 2607 Washington Road. Under OCGA § 44-7-11, a tenant such as Pabian has no rights beyond the use of the land actually conveyed or rented.

Pabian was the exclusive owner of the sign, it controlled the placement of the sign across the Powell property line, and it erected the sign with no input or control on the part of Norman. Pabian had the responsibility to see that the sign did not encroach or trespass on property that it did not lease, and it was thus Pabian that was responsible for creating the trespass upon the Powell property. Under OCGA § 44-7-14, Norman, as landlord, was not responsible for Pabian's illegal use of the Powells' property.

In sum, the trial court did not err since *Powell v. Norman Elec. Galaxy* did not establish, as a matter of law, that Norman was liable to the Powells, and the jury was also authorized to find that Norman was not liable for the trespass of Pabian.

2. Since the trial judge did not err in denying the Powells a new trial, it follows that the Powells cannot succeed in arguing, as they do in their second enumeration of error, that the judge erred in failing to charge the jury on punitive damages as to Norman.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 16, 2002.

*William R. McCracken*, for appellants.
*Lambert & Roffman, M. Joseph Reitman, Jr., Burnside, Wall, Daniel, Ellison & Revell, Harry D. Revell*, for appellees.